UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRENDA J. RUFUS and RAHN E. RUFUS,

    Plaintiffs,

v.

LAURA H.G. O'SULLIVAN, CHASITY
BROWN, ERIN M. BRADY, LAURA L.
LATTA, JONATHAN ELEFANT, LAURA T.
CURRY, DIANA THEOLOGOU, McCABE,
WEISBERG & CONWAY, LLC, and
OCWEN FINANCIAL CORPORATION,

    Defendants.

Civil Action No. TDC-14-3355

## MEMORANDUM ORDER

On October 27, 2014, Plaintiffs Brenda J. Rufus and Rahn E. Rufus filed this action against Defendants Ocwen Financial Corporation ("Ocwen"), McCabe, Weisberg & Conway, LLC ("McCabe"), and seven individually named attorneys, seeking "void judgment, temporary restraining order, [and] injunctive relief" as to a foreclosure proceeding in the Circuit Court for Charles County, Maryland. Compl. at 1, 7, 9–10, ECF No. 1. Plaintiffs also filed a motion to expedite this case. See ECF No. 4. For the reasons described below, this case is DISMISSED for lack of subject matter jurisdiction.[1]

---

[1] Although Plaintiffs have yet to effect service of process on Defendants, and Defendants have therefore not moved for dismissal, the Court has reviewed this case in response to the request for a Temporary Restraining Order and the Motion to Expedite and takes this action at this time in accordance with Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## DISCUSSION

Plaintiffs are a married couple and reside in Charles County, Maryland. Compl. at 5. On August 8, 2013, a foreclosure proceeding was initiated against Plaintiffs in the Charles County Circuit Court. *See* Maryland Judiciary Case Search, Civil Action No. 08C13002391, Docket No. 1 (Charles Co. Cir. Ct. 2013). The docket reflects that the case was closed on December 24, 2014, after the Charles County Circuit Court entered an order awarding possession of the property. *Id.*, Docket No. 90.

In this case, Plaintiffs allege that Defendants fraudulently foreclosed on their property by presenting fraudulent documents to the Charles County Circuit Court. Compl. at 4, 7–10. Specifically, they allege that one of the attorneys at McCabe, Defendant Laura H.G. O'Sullivan, bought the underlying debt from another attorney at McCabe, Defendant Chasity Brown, with the intent to sue on the debt as if she were the original creditor in an attempt to extort $286,312.65 from Plaintiffs. *Id.* at 14–15. They also allege that no evidence exists to support a July 8, 2014 Final Order of Ratification entered by the Charles County Circuit Court.[2] *Id.* at 7. They further argue that the Charles County Circuit Court did not have subject matter jurisdiction over the foreclosure proceedings. *Id.* at 13.

From this Court, Plaintiffs seek dismissal of the July 8 Final Order of Ratification entered by the Charles County Circuit Court; dismissal of the foreclosure proceedings before the Charles County Circuit Court; and $858,937.95 in treble damages, which Plaintiffs calculate by tripling the $286,312.65 that they believe Defendants tried to extort from them. *Id.* at 15–16. Accordingly, Plaintiffs' claims can be construed in one of two ways: (1) an effort to seek federal

---

[2] Although Plaintiffs allege that the Final Order of Ratification was entered on July 8, 2014, the state court docket reflects that a Final Order of Ratification was issued on July 9, 2014. *See* Maryland Judiciary Case Search, Civil Action No. 08C13002391, Docket No. 46.

court review of the July 8 order by the Charles County Circuit Court; or (2) an attempt to bring state law fraud and extortion claims in federal district court.

Regardless of how Plaintiffs' claims are characterized, this Court lacks subject matter jurisdiction to hear them. Federal courts are courts of limited jurisdiction and generally may only hear claims that arise under federal law or meet the requirements for diversity jurisdiction. 28 U.S.C. §§ 1331, 1332 (2012); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Complaint does not implicate federal law. Rather, Plaintiffs' substantive claims are premised in common law fraud and extortion, or under provisions of the Maryland Rules of Professional Conduct. *See* Compl. at 7–15. Although Plaintiffs quote language regarding "Attorney Buying Evidence of Debt–Misleading the Court," *see id.* at 10, they do not cite its source, and the Court can find no such authority or cause of action in federal law.

Moreover, this case does not meet the requirements to establish diversity jurisdiction. Where no federal law is implicated, diversity jurisdiction exists where the matter in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). To meet the diversity of citizenship requirement, each individual defendant must be domiciled in a different state than any of the plaintiffs. *See Exxon Mobil*, 545 U.S. at 553 ("In a case with multiple plaintiffs and multiple defendants, the presence . . . of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." (emphasis in original)). Although Plaintiffs identify themselves as Maryland residents, Compl. at 2, they also identify McCabe and all seven

McCabe attorneys as Maryland residents, *id.* at 2–3. Ocwen, incorporated in Delaware, is the only defendant that does not have citizenship in Maryland. As such, diversity jurisdiction does not provide a basis for the Court to hear these claims. In the absence of federal jurisdiction, this Court must dismiss Plaintiffs' case.

Notably, to the extent that the Complaint is viewed as seeking federal court review of the July 8 order by the Charles County Circuit Court, this Court also lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, which bars federal courts from reviewing state court judgments. *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Holliday Amusement Co. of Charleston, Inc. v. South Carolina*, 401 F.3d 534, 537 (4th Cir. 2005) (stating that the *Rooker-Feldman* doctrine is a jurisdictional rule).

Under this doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). Application of the *Rooker-Feldman* doctrine is limited to instances when the losing party in state court seeks redress in federal court "for an injury caused by the state-court decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 718 (4th Cir. 2006). Because Plaintiffs explicitly seek as a remedy that "the Final Order of Ratification entered . . . on or about the 8th day of July 2014, be dismissed, quashed or Strike and deemed as legally insufficient," Compl. at 15–16, it is evident that they are seeking review of the state court decision itself. Such a claim is barred by the *Rooker-Feldman* doctrine. *See Holliday Amusement Co.* 401 F.3d at 537.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to expedite, ECF No. 4, is DENIED, and the case is DISMISSED for lack of subject matter jurisdiction.

Date: January 8, 2015

THEODORE D. CHUANG
United States District Judge